IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 19 2017
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JUSTINA ST. CLAIR, § | |
|    PLAINTIFF, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-1100-A |
| § | |
| NANCY A. BERRYHILL, § | |
| ACTING COMMISIONER OF § | |
| SOCIAL SECURITY, § | |
|    DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate are as follows:

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

Plaintiff Justina St. Clair ("St. Clair") filed this action pursuant to section 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). In July 2013, St. Clair protectively filed an application for DIB, alleging her disability began on April 1, 2013. (Transcript ("Tr.") 54, 183-188.) After her application for DIB was denied initially and upon reconsideration, St. Clair requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 54, 131-135, 137-142.) The ALJ held a hearing on November 7, 2014, and he issued an

1

unfavorable decision on April 16, 2015. (Tr. 51-107.) On October 6, 2016, the Appeals Council denied St. Clair's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (Tr. 1-5, 48.) St. Clair subsequently filed this civil action seeking review of the ALJ's decision.

## II.   STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and numerous regulatory provisions. *See* 20 C.F.R. Pt. 404. The SSA defines a "disability" as a "medically determinable physical or mental impairment" lasting at least twelve months that prevents the claimant from engaging in "any substantial gainful activity." 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520(a)(4). First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is defined as work activity involving the use of significant physical or mental abilities for pay or profit. *See* 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"). 20 C.F.R. Pt. 404 Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to her past relevant work. *Id.* § 404.1520(f). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age,

education, and past work experiences. *Id.* § 404.1520(g); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Circ. 1999).[1] At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of her existing impairments. *Id.* If the Commissioner meets his burden, it is up to the claimant to then show that she cannot perform the alternate work. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards, and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ. *Dollis v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. Jun. 2, 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record, nor substitute its judgment for the Commissioner's, but will

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant can still do notwithstanding her physical and mental limitations. 20 C.F.R. § 404.1520(a)(4). The claimant's RFC is used at both the fourth and fifth steps of the sequential analysis. *Id.* § 404.1520(a)(4). At step four, the claimant's RFC is used to determine if the claimant can still do her past relevant work. *Id.* § 404.1520(a)(4)(iv). At step five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work. *Id.* § 404.1520(a)(4)(v).

carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III. ISSUES

In her brief, St. Clair presents the following issues:

1. Whether the ALJ erred in failing to properly weigh the medical opinion evidence; and

2. Whether the ALJ's credibility determination is supported by substantial evidence.

(Plaintiff's Brief ("Pl.'s Br.") at 1.)

### IV. ALJ DECISION

In his April 16, 2015 decision, the ALJ concluded that St. Clair was not disabled within the meaning of the SSA. (Tr. 66.) In making his determination, the ALJ proceeded to follow the five-step sequential evaluation process set forth above. (Tr. 54-56.) At Step One, the ALJ found that St. Clair met the disability insured status requirements of the SSA through December 31, 2018 and that she had not engaged in any substantial gainful activity since April 1, 2013, the alleged onset date of St. Clair's disability. (Tr. 56.) At Step Two, the ALJ further found that St. Clair suffered from the following severe impairments: (1) degenerative disc disease of the thoracic spine with nerve stimulator; (2) mild degenerative changes in the lumbosacral spine; (3) lateral and medial epicondylitis; (4) carpal tunnel syndrome on the right; (5) ulnar nerve lesion; (6) fibromyalgia; and (7) asthma/chronic obstructive pulmonary disease ("COPD"). (Tr. 56.) Next, at Step Three, the ALJ held that none of St. Clair's impairments or combination of impairments met or equaled the severity of any impairment in the Listing. (Tr. 58-59.) As to St. Clair's residual functional capacity ("RFC"), the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), as the claimant is able to lift and carry twenty pounds occasionally and ten pounds frequently; is able to stand or walk up to six hours in

an eight-hour workday; and is able to sit up for up to six hours in an eight-hour workday. However, the claimant requires the ability to alternate between sitting and standing every thirty minutes for a few minutes at a time. The claimant can never climb ladders, ropes, or scaffolds. The claimant can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. The claimant can only frequently but not constantly reach, finger, and handle with her right dominant upper extremity. The claimant must avoid concentrated exposure to dust, fumes, and chemicals.

(Tr. 59 (emphasis omitted).) The ALJ found, at Step Four, that St. Clair was unable to perform any of her past relevant work. (Tr. 64.) Finally, at Step Five, based on the testimony of the vocational expert ("VE"), the ALJ found that St. Clair was able to perform a significant number of jobs in the national economy. (Tr. 64-65.) Accordingly, the ALJ found that St. Clair was not disabled. (Tr. 66.)

V. DISCUSSION

A. Medical Opinion Evidence

In her brief, St. Clair argues that the ALJ improperly relied on the opinions of the state agency medical consultants ("SAMCs"), rather than on the opinions of her treating physician, Alan Hurschman, M.D. ("Dr. Hurschman"), and examining physician, Barna Richards, M.D. ("Dr. Richards"). (Pl.'s Br. at 9-10.) Specifically, St. Clair claims that the ALJ erred by: (1) rejecting Dr. Hurschman's assessment of St. Clair's physical limitations as contrary to evidence that she performs some daily activities; (2) rejecting Dr. Richards' opinion as subjective and vague without any further inquiry; and (3) affording "great weight" to the opinions of the SAMCs. (Pl.'s Br. at 10-12.)

Controlling weight is assigned to the opinions of a treating physician if it is both well supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Martinez v. Charter*, 64 F.3d 172, 176 (5th Cir. 1995). Additionally, the determination of disability always remains

5

the province of the ALJ, and the ALJ can decrease the weight assigned to a treating physician's opinion for good cause, which includes disregarding statements that are brief and conclusory, unsupported by acceptable diagnostic techniques, or otherwise unsupported by the evidence. *Leggett*, 67 F.3d at 566; *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *Muse*, 925 F.2d at 790. Conclusory statements to the effect that the claimant is "disabled" or "unable to work" are legal conclusions, not medical opinions, and are not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d)(1); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

In *Newton v. Apfel*, the Fifth Circuit Court of Appeals held that "absent reliable medical evidence from a treating or examining specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § [404.1527(c)]." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Under the statutory analysis of 20 C.F.R. § 404.1527(c), the ALJ must evaluate the following: (1) examining relationship; (2) treatment relationship, including the length, nature, and extent of the treatment relationship, as well as the frequency of the examination(s); (3) supportability; (4) consistency; (5) specialization; and (6) other factors which "tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c); SSR 96-6p, 1996 WL 364180, at *3; SSR 96-2, 1996 WL 374188, at *4 (S.S.A. July 2, 1996).

While an ALJ is to consider all medical opinions in determining the disability status of a claimant (see 20 C.F.R. §§ 404.1527(b), 416.927(b)), the ALJ is not required to give controlling weight to medical opinions of non-treating sources. *See Andrews v. Astrue*, 917 F. Supp. 2d 624, 637 (N.D. Tex. 2013) (stating that an ALJ is not required to give the opinion of, *inter alia*, a consultative examiner controlling weight). Findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments are

6

treated as expert opinion evidence (from non-examining sources) at both the administrative hearing and Appeals Council levels of administrative review. 20 C.F.R. § 404.1527(e); SSR 96-6p, 1996 WL 374180, at *2-4 (S.S.A. July 2, 1996). Pursuant to SSR 96-6p, the ALJ and the Appeals Council are not bound by the state agency physicians' opinions, but may not ignore them and must explain the weight given to these opinions in their decisions. SSR 96-6p, 1996 WL 374180, at *2.

### 1.     Treating Physician Dr. Hurschman's Medical Opinions

As to Dr. Hurschman's opinions, St. Clair argues that the ALJ erred because, despite a lack of other medical evidence from another treating physician, he failed to afford controlling weight to Dr. Hurschman's opinions without performing the analysis under 20 C.F.R. § 404.1527(c). (Pl.'s Br. at 12-13.) In this case, the ALJ reviewed the multiple forms in the record that Dr. Hurschman completed containing his opinions regarding St. Clair's impairments. (Tr. 62.) The ALJ, however, ultimately rejected Dr. Hurschman's opinions, stating:

> The opinion of a treating physician is entitled to great weight unless there is persuasive contradictory evidence. In this case, the undersigned finds that Dr. Hurschman's assessments including the restrictions of bilateral fingering and handling are not supported by the evidence. Physical examination of the claimant showed she had a full range of motion in her hands and fingers and the claimant testified that she can drive, take trips to visit her daughter, go with her husband to their cabin during deer-hunting season, and shop in stores. Furthermore, statements that a claimant is "disabled", "unable to work", can or cannot perform a past job, or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate her statutory responsibility to determine the ultimate issue of disability. Therefore, the undersigned rejects the opinions of Dr. Hurschman.

(Tr. 62.)

Contrary to St. Clair's arguments, the Court concludes that the ALJ did properly evaluate Dr. Hurschman's opinions before rejecting them. While the ALJ did not make an explicit

reference to each of the factors set forth in 20 C.F.R. § 404.1529(c), the ALJ's opinion reflects his careful consideration of the medical evidence with respect to each of the six factors. (Tr. 62.) To begin with, as to factors one and two, under which the ALJ evaluates the examining and treatment relationship between St. Clair and Dr. Hurschman, the ALJ noted that Dr. Hurschman was St. Clair's treating physician since November 2009 and referenced various exhibits in the record indicating that Dr. Hurschman examined St. Clair on several occasions. (Tr. 62.) In addition, as noted above, the ALJ referred to various forms Dr. Hurschman had completed regarding his opinions on St. Clair's impairments.

As to factors three, four, and six under which the ALJ evaluates the supportability and consistency of the physician's opinion as well as any other factors that "tend to support or contradict the opinion,"[2] the ALJ explained that he was rejecting Dr. Hurschman's assessment because it contradicted a physical examination in the record and St. Clair's own subjective testimony about her abilities and limitations. (Tr. 62.) Specifically, the ALJ stated, "Physical examination of the claimant showed she had full range of motion in her hands and fingers and the claimant testified that she can drive, take trips to visit her daughter, go with her husband to their cabin during deer-hunting season, and shop in stores." (Tr. 62.) Further, the ALJ explained that in addition to the inconsistencies, Dr. Hurschman's assessment labeled St. Clair as "disabled" and "unable to work," which are issues reserved to the ALJ. (Tr. 62.) *See* 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *5 (S.S.A. July 2, 1996).

As to factor five, more weight is generally given "to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). In her brief, St. Clair claims that Dr. Hurschman is a

---

[2] *See* 20 C.F.R. § 404.1527(c)(3).

8

"specialist in physical and rehabilitative medicine." (Pl.'s Br. at 13.) While the ALJ did not specifically discuss that Dr. Hurschman was a specialist, it is clear that the ALJ was aware of Dr. Hurschman's specialty as the ALJ referred to various medical records that indicated such specialty. (*See, e.g.*, Tr. 62, 448, 559, 605.) Because the ALJ properly considered the opinions of Dr. Hurschman, remand is not required.

St. Clair, citing to cases from the U.S. Court of Appeals for the Seventh Circuit, also argues that the ALJ erred by considering her ability to perform daily activities in evaluating Dr. Hurschman's opinions. (Pl.'s Br. at 11.) Specifically, St. Clair claims that a showing of daily activities does not necessarily preclude a finding of disability.[3] (Pl.'s Br. at 11.)

While the ALJ appropriately discussed St. Clair's daily activities in his decision as the basis for rejecting Dr. Hurschman's opinions, he did not, as St. Clair contends, rely solely on such activities. As set forth above, the ALJ listed several reasons for rejecting Dr. Hurschman's opinions, including the results of a physical examination. (Tr. 62.) Additionally, the ALJ also rejected Dr. Hurschman's opinion because he found that it contained "administrative findings dispositive of the case," rather than medical opinions. (Tr. 62.) As the ALJ mentioned in his opinion and as this Court explained, *supra*, the ALJ properly considered Dr. Hurschman's opinions and set forth specific reasons for rejecting his opinion. Consequently, remand is not required.

### 2. Consultative Examiner Dr. Richards' Medical Opinions

As to Dr. Richards' medical opinions, St. Clair argues that the ALJ erred by concluding that Dr. Richards' assessment simply "parroted" St. Clair's subjective complaints without citing

---

[3] The ALJ believed that St. Clair engaged in daily activities "that are not limited to the extent one would expect, given her complaints of disabling symptoms and limitation." (Tr. 60.)

any medical evidence in the record to support the ALJ's conclusions. (Pl.'s Br. at 14.) As to Dr. Richards' examination, the ALJ stated:

> In October 2013, the claimant underwent a consultative examination conducted by Barna Richards, M.D. During examination, the claimant reported back pain that radiates into her legs and feet, occasional neck pain, epicondylitis with right elbow and arm pain, carpal tunnel syndrome with hand pain, fibromyalgia with generalized pain throughout her body, and asthma and chronic obstructive pulmonary disease (COPD) with wheezing, coughing, and shortness of breath. The claimant stated that she had a stimulator placed to treat her back pain and she has to take updrafts daily. The doctor noted the claimant wore an elastic sling on her elbow. Physical examination of the claimant found the claimant's lungs had a few musical rules and she had decreased back range of motion, positive straight leg raising tests bilaterally, tenderness in the medial and lateral epicondyle of her right elbow, and slightly decreased grip strength. The claimant was positive for carpal tunnel syndrome in her right hand with symptoms in the thumb, index, and middle fingers with pressure on the median nerve. However, the physical examination showed the claimant was able to heel toe walk and she had good muscle strength and range of motion in all extremities, negative Romberg and past-point tests, and bilaterally equal deep tendon reflexes. Furthermore, the remainder of her carpal tunnel tests were negative. Additionally, the claimant reported that the spinal stimulator has given her some relief. The doctor also noted the claimant continued to smoke despite her breathing conditions.
>
> The consultative examiner found the claimant had rather significant back disease requiring a nerve stimulator, chronic obstructive pulmonary disease (COPD) and asthma with continued smoking, bilateral carpal tunnel syndrome, medial and lateral epicondylitis, and fibromyalgia. Dr. [Richards] opined it appears that the claimant's major limitations would be to her back a[n]d pain will cause her difficulty lifting, stooping, pushing, and pulling and will probably limit her to fifteen or twenty pounds. The doctor also indicated that the claimant states that she cannot sit, stand, or walk in any one position for longer than a few minutes, which is again a limiting factor for her work. Dr. [Richards] noted the claimant may need surgery for repair of her carpal tunnel syndrome. The consultative examiner stated that [i]t is questionable about her medial and lateral epicondylitis since the treatment for that condition is rather inconsistent in its results. Although Dr. [Richards] examined the claimant, she did so on only one occasion and she did not treat the claimant. Furthermore, the undersigned finds portions of Dr. [Richard's] opinion appear to be based on the claimant's subjective reports and the limitations are mostly general and not specific. Therefore, the undersigned rejects the opinions of Dr. [Richards].

(Tr. 63 (internal citations omitted).)

Contrary to St. Clair's claims, the ALJ explained that he could not rely on Dr. Richards' opinions because they were vague, based on a single examination of St. Clair, and appeared to rely heavily on St. Clair's subjective reports. (Tr. 63.) While St. Clair argues that the similarities between Dr. Hurschman's and Dr. Richards' assessment are sufficient to compel the ALJ to find Dr. Richards' opinion credible, the ALJ rejected Dr. Hurschman's opinions, as discussed *supra*, for both their lack of consistency, and support from medical evidence in the record. (Pl.'s Br. at 14); (Tr. 60, 62, 63.)

St. Clair also claims that, even if Dr. Richards' findings lacked support from the record, the ALJ erred by failing to perform his duty to "fully and fairly develop the record by requesting further additional information from a treating or examining source." (Pl.'s Br. at 13-14.) Specifically, St. Clair states, "If the ALJ felt the opinions were too vague, he bore the burden of obtaining clarification from the doctor who evaluated Ms. St. Clair at the request of the government." (Pl.'s Br. at 13.)

However, pursuant to 20 C.F.R. § 404.1520b(b), the decision to recontact a treating physician, psychologist, or other medical source or request additional evidence is discretionary. The regulation states that an ALJ *may* request additional evidence or recontact the medical source if the evidence is inconsistent or if the ALJ has insufficient evidence to determine whether the claimant is disabled. *See* C.F.R. § 404.1520b(b). In this case, however, the evidence was more than sufficient to allow the ALJ to make a proper assessment of St. Clair's impairments and claim for disability. Consequently, the ALJ did not err in failing to request additional evidence or recontact a treating or examining source. Moreover, St. Clair has not established, beyond mere speculation,[4] that if the ALJ had sought additional information, he

---

[4] "To show such prejudice, a Plaintiff must present more than mere speculation." *Dale v. Astrue*, No. 2:11-CV-00150-KS-MTP, 2012 WL 2864403, at *7 (July 11, 2012).

11

"could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d, 726, 728 (5th Cir. 1996) (citing *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). Thus, remand is not required.

### 3. State Agency Medical Consultants ("SAMCs") Opinions

While St. Clair also claims that the ALJ erred when he afforded "great weight" to the opinions of the SAMCs, rather than to the opinions of both Dr. Hurschman and Dr. Richards, substantial evidence, as set forth above, supports the ALJ's decision to reject these physician opinions. (*See* Tr. 62-63.) In turning to the SAMCs' opinions, the ALJ explained:

> The State agency medical consultants opined the claimant is capable of performing a range of light work. The medical consultants are non-treating, non-examining medical sources. However, these opinions are based upon a thorough review of the medical record as a whole and a comprehensive understanding of agency rules and regulations. The undersigned finds that these opinions are internally consistent and well supported by the record of evidence.

(Tr. 63 (internal citations omitted).) Without reliable, well-supported medical evidence from both Drs. Hurschman and Richards, the Court finds that the ALJ did not err in affording weight to the opinions of the SAMCs. Thus, remand is not required.

### B. Credibility

Next, St. Clair argues that the ALJ's credibility determination was not supported by substantial evidence in the record. (Pl.'s Br. at 16.) Specifically, St. Clair claims that "the ALJ erred by finding Ms. St. Clair's activities of daily living contradict a finding of disability for Plaintiff" and failing "to identify sufficient medical or legal authority that the findings here could not cause the limitations described by Ms. St. Clair." (Pl.'s Br. at 16.) In addition, St. Clair argues that, "although the ALJ noted that Ms. St. Clair's arm pain improved with surgery and other treatment, it is clear that her disability is primarily due to her back pain and related symptoms." (Pl.'s Br. at 16 (internal citations omitted).) St. Clair claims that the ALJ must

consider the combined impact of all the claimant's impairments and any improvement "must be viewed in light of the overall diagnostic record." (Pl.'s Br. at 16-17.) St. Clair argues that there can be a great disparity between a patient who responds to treatment and one who is able to enter the workforce. St. Clair argues that the ALJ "failed to cite to any evidence that Ms. St. Clair had significant or sustained improvement to a degree that conflicted with her allegations that she cannot work 8 hours a day, 40 hours a week." (Pl.'s Br. at 17.)

In evaluating a claimant's subjective complaints, the ALJ first considers whether there is a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 404.1529; SSR 16-3P, 2016 WL 1119029, at *2 (S.S.A. Mar. 16, 2016). Once he finds impairment, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms on the claimant's ability to do basic work activities. 20 C.F.R. § 404.1529(b); SSR 16-3P, 2016 WL 1119029, at *2. A claimant's statements about pain and other symptoms are not conclusive evidence of disability, but must be accompanied by medical signs and findings of a medical impairment that could reasonably be expected to produce the pain or other symptoms alleged and that would lead to the conclusion that she is disabled. 42 U.S.C. § 423(d)(5)(A). A claimant's testimony must be consistent with the objective medical evidence and other available evidence. 20 C.F.R. § 404.1529.

In all cases in which pain or other symptoms are alleged, the administrative decision must contain a thorough discussion and analysis of both the objective medical, and other evidence in the record, including the individual's complaints of pain or other symptoms and the adjudicator's own observations. SSR 16-3P, 2016 WL 1119029, at *9. When assessing the credibility of an individual's statements, the ALJ considers, in addition to the objective medical evidence, the

13

following: (1) the claimant's daily activities;[5] (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, which the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional capacity, limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); SSR 16-3P, 2016 WL 1119029, at *7. An ALJ's unfavorable credibility evaluation will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and articulates reasons for discrediting the claimant's subjective complaints. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988); *see Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).

Contrary to St. Clair's argument, the Court finds that the ALJ cited to substantial medical evidence in support of his credibility determination. To start, the ALJ acknowledged his obligation to apply the same two-part test credibility analysis that St. Clair mentioned in her brief. (Pl.'s Br. 14-15; *see* Tr. at 59.) In evaluating St. Clair's credibility, the ALJ did not reject St. Clair's assertions of pain as he found that St. Clair's impairments "could reasonably be expected to cause the alleged symptoms." (Tr. 63-64.) Specifically, the ALJ stated:

---

[5] "Specifically, inconsistencies between a claimant's testimony about her limitations and her daily activities may be quite relevant in evaluating credibility." *See Leggett*, 67 F.3d at 565 n.12; *Copenhaver v. Astrue*, No. A-09-CA-838-SS, 2011 WL 891617, at *12 (W.D. Tex. Mar. 11, 2011).

> Thus, after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 63-64.)

While St. Clair claims that the ALJ's opinion merely provided his conclusion regarding her credibility determination (Pl.'s Br. at 15-16), the ALJ actually explains at length in his decision how inconsistencies in St. Clair's testimony regarding her conditions and limitations prevented him from finding her statements "entirely credible." (Tr. 59-64.) Specifically, the ALJ states:

> Despite such allegations of disabling symptoms and limitations, the claimant can tend to her personal care needs, go with her husband during deer season to their cabin, travel to see her daughter, care for her pet, do the dishes, prepare simple meals, shop in stores, drive, and attend GED classes three hours, three to four times a week. Thus, the claimant engages in activities that are not limited to the extent one would expect, given her complaints of disabling symptoms and limitation.
>
> Turning to the medical evidence, the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of limitations greater than those reported in the residual functional capacity statement above.

(Tr. 60 (internal citations omitted).)

As to her daily activities, the Court notes that it is not only appropriate for the ALJ to consider the claimant's daily activities when evaluating a claimant's symptoms, but also recommended. *See* 20 C.F.R. § 404.1529(c)(3)(i). In addition to her daily activities, the ALJ also referenced other significant factors, such as her treatment and its effectiveness, to explain his credibility determination.[6] (Tr. 61, 63.) Therefore, the Court concludes that because

---

[6] The ALJ notes that, regarding her back pain, St. Clair "reported the pain medications were effective and the stimulator helped relieve some of her pain." (Tr. 61.) Medical records indicated that treatment and/or

substantial evidence supports the ALJ's determination of St. Clair's credibility, remand is not required.

Moreover, as to her improvements, while the ALJ's decision does show he considered the substantial improvement in St. Clair's arm pain resulting from her carpal tunnel release surgery and platelet-rich plasma injections, his evaluation did not stop there. (Pl.'s Br. at 16; *see* Tr. at 59-62.) As the Commissioner accurately states in her brief, the ALJ evaluated each of St. Clair's complained areas of pain and subjective opinions about her capabilities and limitations. (*See* Defendant's Brief at 15; Tr. 59-62.) Further, the ALJ devoted an entire paragraph of his decision to St. Clair's back pain, stating:

> However, physical examinations of the claimant found no abnormal curvature of the spine with full range of motion of the cervical spine and lower extremities, normal sensation, normal muscle strength, normal muscle tone, and no joint or limb tenderness, atrophy, or edema. Additionally, the claimant reported the pain medications were effective and the stimulator helped relieve some of her pain.

(Tr. 60-61 (internal citations omitted).) In addition to each of the complained areas of pain, the ALJ also discussed medical evidence showing that treatment and medication helped reduce her pain. (Tr. 59-62.) While St. Clair claims the ALJ erred by considering this improvement because treatment that does not result in any improvement "would not have been prescribed" (Pl.'s Br. at 17), the ALJ was required to consider any medications and treatment St. Clair had received in his credibility determination.[7] *See* 20 C.F.R. § 404.1529(c)(3); *see also Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990). Because the ALJ cited substantial medical evidence regarding each of the six factors listed in 20 C.F.R. § 404.1529(c)(3) throughout his

---

medication, *inter alia*, "helped quite a bit," decreased the pain by seventy-five percent, enabled a full range of motion in her upper extremities, and alleviated the pain "a lot." (Tr. 61.)

[7] In *Johnson v. Sullivan*, the Fifth Circuit defines a disabling condition as one that is "constant, unremitting, and wholly unresponsive to therapeutic treatment," and explains that any pain "alleviated by medication" cannot be disabling. *Johnson*, 894 F.2d at 686.

determination of St. Clair's credibility, the Court concludes that he did not err, and remand is not required.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above the specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 2, 2017** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendations. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 19, 2017.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE